Filed 4/15/25  P. v. Maryland CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G064156 |
| v. | (Super. Ct. No. 05SF0407) |
| PRINCE EDWARD MARYLAND, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Andre Manssourian, Judge. Reversed and remanded.

Sally Patrone, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher P. Beesley and Warren J. Williams, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Prince Edward Maryland appeals an order denying his petition for resentencing under Penal Code section 1172.75.[1] Pursuant to that section, resentencing generally is required when the defendant is serving a sentence for a judgment that includes a prior prison term enhancement under section 667.5, subdivision (b) (section 667.5(b)). Although Maryland's judgment includes four such enhancements, the trial court determined he was ineligible for resentencing because their punishment was stricken at the time of sentencing. Maryland contends that ruling was erroneous, and we agree. Following the Sixth District's recent opinion in *People v. Espino* (2024) 104 Cal.App.5th 188 (*Espino*), review granted October 23, 2024, S286987, and pending review of that issue by the California Supreme Court, we reverse the court's order and remand for resentencing.

PROCEDURAL BACKGROUND

In 2007, Maryland was convicted of 18 felony charges and found to have suffered multiple prior convictions. He also admitted having served four prior prison terms within the meaning of section 667.5(b), which stemmed from various low level felonies he committed in earlier cases. The trial court sentenced him to an aggregate prison term of 130 years and 8 months to life in prison. In so doing, the court struck punishment on the four prior prison term enhancements for sentencing purposes only.

Two years later, in 2009, Maryland was resentenced to a slightly lesser term following appeal, and at that time, the court again struck the punishment on the prison priors for the limited purposes of sentencing; the court did not strike the priors in their entirety.

---

[1] All further statutory references are to the Penal Code.

Effective January 1, 2020, the Legislature limited the applicability of section 667.5(b) to prior prison terms that were served for sexually violent offenses. (Stats. 2019, ch. 590, § 1.) In light of that development, Maryland petitioned the trial court to recall his sentence and resentence him pursuant to section 1172.75. But because Maryland's punishment on his prison priors was stricken, the court found him ineligible for relief and denied his petition.

DISCUSSION

Maryland contends the trial court erred in denying his resentencing petition. We agree.

Before 2020, section 667.5(b) "required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years." (*People v. Burgess* (2022) 86 Cal.App.5th 375, 379–380.) Effective January 1, 2020, section 667.5 was amended "by limiting the prior prison term enhancement to only prior terms for sexually violent offenses. [Citations.] Enhancements based on prior prison terms served for other offenses became legally invalid." (*People v. Burgess, supra*, 86 Cal.App.5th at p. 380.)

Those changes were made retroactive through the passage of subsequent legislation, including section 1172.75. (*People v. Monroe* (2022) 85 Cal.App.5th 393, 399.) The statute declares that any prior prison term enhancement that was imposed for a nonsexually violent offense before 2020 is legally invalid. (§ 1172.75, subd. (a).) It also provides an ameliorative remedy when the defendant's judgment includes such an enhancement. Indeed, the statute *requires* the trial court to recall the defendant's sentence and resentence him in that situation. (*Id*., subd. (c).) Resentencing "shall

3

result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (*Id.*, subd. (d)(1).)

The question we must decide is whether section 1172.75 requires resentencing when a defendant such as Maryland has sustained prior prison term enhancements under section 667.5(b) but the trial court struck their punishment at the time of sentencing. Pending direction from the California Supreme Court, we follow the reasoning of the majority opinion in *Espino, supra,* 104 Cal.App.5th 188, review granted, and conclude that it does.[2]

Reviewing the meaning of section 1172.75 de novo, *Espino, supra,* 104 Cal.App.5th 188, review granted, determined the statute "should be interpreted according to the ordinary meaning of the word 'impose' and therefore [should apply] whenever a prison prior is included in a judgment, whether the prior is executed, stayed, or punishment is struck." (*Id.* at p. 194; see *People v. Renteria* (2023) 96 Cal.App.5th 1276, 1282 [enhancements that are included in the abstract of judgment, but then stayed, "were imposed"].) While recognizing a defendant suffers no immediate adverse consequences when the punishment for his prison priors has been stricken, *Espino* found it

---

[2] In addition to granting review in *Espino*, which involved a request for resentencing where the punishment for a now-invalid prison prior enhancement had been stricken, the California Supreme Court has granted review to resolve a conflict among the courts of appeal regarding whether section 1172.75 applies where a now-invalid prison prior was imposed but stayed. (See *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted Feb. 21, 2024, S283169; *People v. Christianson* (2023) 97 Cal.App.5th 300, 311–316, review granted Feb. 21, 2024, S283189; *People v. Saldana* (2023) 97 Cal.App.5th 1270, 1276–1279, review granted Mar. 12, 2024, S283547; *People v. Mayberry* (2024) 102 Cal.App.5th 665, review granted Aug. 14, 2024, S285853.)

significant that the enhancement remains on the judgment in that situation and "may adversely impact the defendant in other ways such as restricting the ability to accrue conduct credits or subjecting the defendant to additional punishment for future convictions." (*Espino, supra,* 104 Cal.App.5th at p. 201.) *Espino* held this potential for future adverse consequences is sufficient to trigger the protections afforded in section 1172.75. (*Espino, supra, at p.201.*)

This case presents the same circumstance referenced by the *Espino* court. Because Maryland's prior prison term enhancements were imposed and only their punishment was stricken, the enhancement is still included in the judgment. For the reasons explained in *Espino*, we conclude Maryland is therefore entitled to resentencing.[3]

---

[3] Although we agree with the *Espino* majority's rationale, we acknowledge the well-reasoned analysis of the dissent in that case and await the Supreme Court's guidance on this issue.

DISPOSITION

The postjudgment order denying Maryland's petition is reversed and the matter is remanded for the trial court to recall his sentence and resentence him pursuant to the terms of section 1172.75.

GOODING, J.

WE CONCUR:

MOORE, ACTING P. J.

SANCHEZ, J.

6